Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| STEVEN BUTLER ARMAIZ Y OTROS<br><br>Parte Apelada<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Parte Apelante | TA2026CE00085 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm. SJ2025CV03545<br><br>Sobre: ACCIDENTE DE TRÁNSITO |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de febrero de 2026.

Comparece el Gobierno de Puerto Rico (el Estado o parte peticionaria), representado por la Oficina del Procurador General, solicita que revisemos la *Resolución* emitida el 4 de diciembre de 2025, notificada el 5 de diciembre de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante el referido dictamen, el TPI denegó la moción de desestimación incoada por el Estado y le concedió término para presentar su alegación responsiva.

Examinado el recurso y los documentos adjuntados al mismo, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[1], este Tribunal deniega la expedición del auto de *certiorari* sin trámite ulterior.

---

[1] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

**I.**

El **24 de abril de 2025**, el Sr. Steven Butler Armaiz, su esposa Aida M. Landrau Ortiz y la Sociedad Legal de Gananciales compuesta por éstos (Sr. Butler Armaiz) presentaron una demanda sobre daños y perjuicios en contra del Estado Libre Asociado de Puerto Rico y otros demandados de nombres desconocidos.[2] De los hechos alegados en la demanda se desprende que, el **4 de enero de 2024**, mientras el Sr. Butler Armaiz conducía su automóvil por el Expreso de Trujillo Alto, Expreso PR 181, en dirección hacia San Juan, pasó sobre una alcantarilla que había en dicha carretera, cuya tapa impactó la parte inferior de su vehículo, causándole los daños reclamados en la demanda. El Sr. Butler Armaiz alegó que el accidente ocurrió a consecuencia de la falta de mantenimiento en el lugar y/o alcantarilla, cuya jurisdicción, control y mantenimiento corresponden al Departamento de Transportación y Obras Públicas (DTOP). En sus alegaciones, el demandante relató las gestiones extrajudiciales que realizó para determinar cuál era el ente gubernamental responsable del daño.

Luego de varios trámites procesales, el Estado presentó una *Moción de desestimación*.[3] Planteó que la parte recurrida no notificó al Secretario de Justicia de su intención de demandar dentro del término de 90 días dispuesto en la *Ley de reclamaciones y demandas contra el Estado,* Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077 *et seq.* Expuso que a pesar de que los hechos ocurrieron el **4 de enero de 2024**, la carta de notificación de la intención de demandar se remitió al Estado mediante correo certificado el **8 de noviembre de 2024**; esto fue, en exceso del término de 90 días establecido en la ley. El Estado adujo que el

---

[2] Véase, expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC), en el caso SJ2025CV03545, *Demanda,* Entrada 1.
[3] *Íd., Moción de desestimación,* Entrada 6.

demandante no había articulado justa causa para eximirle de notificar oportunamente al Estado de su reclamación. Manifestó que las diligencias para investigar bajo qué jurisdicción estaba el lugar donde ocurrió el accidente no constituía justificación válida para incumplir con el término de 90 días en que un reclamante debe notificar al Estado sobre su intención de demandarlo.

En la alternativa, el Estado arguyó que el término de 90 días para notificar al Secretario de Justicia comenzó a transcurrir el 15 de julio de 2024, desde que el Municipio de San Juan le sugirió mediante misiva que dirigiera su reclamación al DTOP, por lo que el referido término de 90 días venció el 14 de octubre de 2024, y la carta de notificación remitida al Estado mediante correo certificado de **8 de noviembre de 2024** fue tardía. También sostuvo que, además de morosa, la notificación no cumplió con los requisitos exigidos por el estatuto, ya que no contenía toda la información requerida por este.

En su solicitud de desestimación, el Estado no argumentó que el incumplimiento con el referido término le hubiera impedido o perjudicado la investigación de los hechos que dieron origen a la reclamación y preparar una defensa adecuada. Así pues, basado en el incumplimiento con el término establecido para la notificación previa de la intención de demandar, el Estado sostuvo que procedía desestimar la demanda incoada en su contra al amparo de la Regla 10.2 (5) de Procedimiento Civil, por ésta no exponer una reclamación que justificara la concesión de un remedio.

El Sr. Butler Armaiz presentó su oposición acompañada de documentos que consignan las diligencias realizadas por este ante los organismos gubernamentales para determinar cuál de ellos era el responsable de los daños ocasionados por la alcantarilla en

controversia.[4] De éstos se desprende que, el **8 de enero de 2024**, el Sr. Butler Armaiz envió un correo electrónico a la siguiente dirección: lourdes.romero@acueductospr.com, acusando recibo de los documentos que solicitó para presentar una reclamación ante la Autoridad de Acueductos y Alcantarillados de Puerto Rico (AAA). El **13 de febrero de 2024**, la aseguradora de la AAA acusó recibo de la reclamación dirigida contra dicha agencia y, mediante carta fechada **19 de abril de 2024**, le indicó al Sr. Butler Armaiz que, por tratarse de una alcantarilla pluvial, la responsabilidad recaía en el municipio. Presentada la reclamación ante el Municipio de San Juan, la aseguradora del ayuntamiento, a través de una misiva fechada **15 de julio de 2024**, notificó al Sr. Butler Armaiz que las labores de mantenimiento y la servidumbre de paso del Expreso PR181 no corresponden al Municipio, y recomendó que llevara su reclamo ante DTOP.

Respecto al trámite ante el DTOP, surge de las alegaciones de la demanda que, en **septiembre de 2024**, el Sr. Butler Armaiz visitó las oficinas de dicha agencia en el Centro Minillas y allí se le confirmó que la alcantarilla pertenece al DTOP, pero se le notificó que el pago por la reclamación se limitaba a $1,000.00. El DTOP le indicó que para reclamar alguna compensación adicional debía incoar una acción judicial. Entonces, el **8 de noviembre de 2024**, el Sr. Butler Armaiz cursó al Estado la carta de notificación sobre su intención de presentar una causa de acción en daños en su contra.

En cuanto al requisito de notificación previa al Estado de la intención de demandar, el Sr. Butler Armaiz expuso en su moción en oposición que éste es uno de cumplimiento estricto y no de naturaleza jurisdiccional. Además, indicó que el requisito no es de

---

[4] *Íd., Moción en torno a Moción de Desestimación del ELA,* Entrada 14; y *Moción Complementaria,* Entrada 15.

aplicación inexorable en casos como el presente en que el Estado puede fácilmente corroborar e investigar los hechos alegados en la demanda para su defensa en las agencias gubernamentales objeto de las reclamaciones extrajudiciales.

Sometido el asunto, el TPI notificó la resolución recurrida el 5 diciembre de 2025, mediante la cual denegó la moción de desestimación del Estado y le ordenó contestar la demanda. En su dictamen, el TPI concluyó que el Sr. Butler Armaiz había acreditado la existencia de justa causa para la demora en cumplir con el requisito de notificación previa al Estado. En particular, explicó que resulta irrazonable exigir a un ciudadano la notificación previa al Estado sin que este sepa si éste es responsable de los daños. Razonó que, ante la diligencia desplegada por el Sr. Butler Armaiz en su proceso de investigación, el término para notificar al Secretario de Justicia había comenzado a transcurrir desde que el demandante conoció que el Estado es quien tiene jurisdicción sobre el lugar en el que ocurrió el accidente que dio lugar a los daños por los cuales se reclama. Expresó el Tribunal que "[r]esolver lo contrario expondría a la parte demandante a perder su causa de acción a pesar de su diligencia, conllevando que se creara una gran injusticia, cuando el Estado no se ve afectado en presentar sus defensas y considerando que el Tribunal Supremo ha determinado que esta exigencia no es jurisdiccional y que la interpretación debe ser una liberal, sin caer en 'rigorismos desmedidos'".[5]

Oportunamente el Estado presentó una *Moción de reconsideración,* en la que reprodujo su planteamiento de que el demandante incumplió su deber de notificar al Estado y tampoco demostró la existencia de justa causa o de circunstancias

---

[5] *Íd., Resolución,* Entrada 17.

excepcionales que permitieran al tribunal eximirlo del requisito de notificación o prolongarle el término para efectuar la notificación.

El TPI denegó la moción de reconsideración del Estado mediante orden emitida y notificada el 23 de diciembre de 2025.[6]

Insatisfecho, el Estado acudió ante este Tribunal mediante recurso de *certiorari* incoado el 21 de enero de 2026[7], en el cual formuló el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia al denegar la solicitud de desestimación presentada por el Estado al amparo de la Regla 10.2 de Procedimiento Civil, supra, a pesar del evidente incumplimiento del requisito de notificación al Estado que requiere la Ley Núm. 104-1955, supra, y la falta de justa causa por parte de los recurridos para incumplir con dicho requisito.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[8]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[9] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de

---

[6] *Íd., Orden,* Entrada 19.
[7] *Petición de Certiorari,* SUMAC-TA, Entrada 1.
[8] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[9] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[10], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de

---

[10] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[11]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[12] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

### B.

Las *alegaciones* son "los escritos mediante los cuales las partes presentan los hechos en que apoyan o niegan sus reclamaciones o defensas".[13] Su propósito es "notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes".[14] Por tanto, cualquier alegación mediante la cual una parte solicite un remedio – por ejemplo, una demanda – incluirá una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado y la solicitud del remedio que se alega debe concederse.[15]

Por su parte, la Regla 10.2 de Procedimiento Civil[16], permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. La mencionada regla establece lo siguiente:

> Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las

---

[11] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[12] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[13] *Conde Cruz v. Resto Rodríguez et al.,* 205 DPR 1043, 1061 (2020), citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, Sec. 2202, pág. 279.
[14] *Íd.,* pág. 1062.
[15] Regla 6.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 6.1.
[16] 32 LPRA Ap. V, R. 10.2.

siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:

(1) falta de jurisdicción sobre la materia;

(2) falta de jurisdicción sobre la persona;

(3) insuficiencia del emplazamiento;

(4) insuficiencia del diligenciamiento del emplazamiento;

**(5) dejar de exponer una reclamación que justifique la concesión de un remedio;**

(6) dejar de acumular una parte indispensable.[17]

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y considerarlos de la manera más favorable a la parte demandante.[18] Dentro del ejercicio de su discreción, el foro primario no deberá desestimar la demanda a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación.[19] Es decir, la desestimación procede cuando de los hechos bien alegados en la demanda no se puede identificar una relación entre los hechos alegados y el derecho sustantivo que genera la responsabilidad del demandado hacia el demandante.[20] Cónsono con lo anterior, a pesar de interpretar liberalmente la demanda, corresponde la desestimación si no hay remedio alguno disponible en nuestro estado de derecho.[21]

Por consiguiente, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una

---

[17] *Íd.* (Énfasis suplido).

[18] *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523, 533 (2024); *Eagle Security v. Efrón Dorado et al,* 211 DPR 70, 78 (2023); *Cobra Acquisitions v. Mun. de Yabucoa et al.,* 210 DPR 384, 396 (2022); *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank,* 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA,* 189 DPR 1033, 1049 (2013).

[19] *Consejo de Titulares v. Gómez Estremera et al.,* 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 505 (1994).

[20] *Torres, Torres* v. *Serrano Torres,* 179 DPR 481, 501 (2010).

[21] *Ortiz Matías et al.* v. *Mora Development,* 187 DPR 649, 654 (2013).

reclamación válida.[22] Así pues, para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor.[23]

### C.

La doctrina de inmunidad soberana impide que se presenten reclamaciones judiciales contra el Estado a menos que éste consienta en ser demandado y, para ello, impuso ciertas restricciones.[24]

En lo pertinente, el Artículo 2A de la *Ley de reclamaciones y demandas contra el Estado,* Ley Núm. 104 de 29 de junio de 1955, según enmendada, 32 LPRA sec. 3077a, requiere que toda persona que interese entablar una reclamación por daños contra el Estado, notifique al Secretario de Justicia dentro de los noventa (90) días de ocurrido el incidente del que surge la reclamación.[25]

El Tribunal Supremo ha expresado que el requisito de notificación cumple los siguientes propósitos:

> 1- proporcionar al Estado la oportunidad de investigar los hechos que dan origen a la reclamación; 2- desalentar las reclamaciones infundadas; 3- propiciar un pronto arreglo de las reclamaciones; 4- permitir la inspección inmediata del lugar del accidente antes de que ocurran los cambios; 5- descubrir el nombre de las personas que tienen conocimiento de los hechos y entrevistarlas mientras su recuerdo es más confiable;

---

[22] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534; *Eagle Security v. Efrón Dorado et al,* supra, pág. 78; *Cobra Acquisitions v. Mun. de Yabucoa et al.,* supra, pág. 396; *Pressure Vessels P.R. v. Empire Gas P.R.*, supra, pág. 505.

[23] *Costas Elena y otros v. Magic Sport y otros,* supra, pág. 534.

[24] *Berríos Román v. E.L.A.*, 171 DPR 549, 555 (2007).

[25] En esa notificación se tiene que hacer constar la fecha, el lugar, la causa, y la naturaleza general del daño, los nombres y las direcciones de los testigos, la dirección del reclamante y el lugar donde se recibió el tratamiento médico. Si el reclamante estuviere mental o físicamente imposibilitado para hacer dicha notificación dentro del término prescrito, podrá hacerlo dentro de los treinta (30) días siguientes a la fecha en que cese la incapacidad. La reclamación judicial no podrá instarse si no se ha efectuado la notificación escrita en la forma y manera y dentro de los plazos prescritos, salvo si se muestra justa causa para ello. 32 LPRA sec. 3077a.

6- advertir a las autoridades de la existencia de la reclamación para que provea la reserva necesaria en el presupuesto anual; y, 7- mitigar el importe de los daños sufridos mediante oportuna intervención ofreciendo tratamiento médico adecuado y proporcionando facilidades para hospitalizar al perjudicado.[26]

Asimismo, el Tribunal Supremo se ha negado a exigir de forma automática el requisito de notificación cuando:

(1) la defensa de falta de notificación es renunciada por el Estado; (2) el funcionario a quien se ha de notificar y contra el cual se dirige la acción es el mismo, por lo que posee conocimiento personal sobre los hechos; (3) el riesgo de que la prueba objetiva desaparezca es mínimo y el Estado puede corroborarla fácilmente; (4) se entabla una acción directa contra la aseguradora; (5) una parte presenta una reconvención compulsoria, luego de que la entidad estatal inicia una acción en su contra en el término dispuesto en ley para notificar; (6) la parte ha demandado y diligenciado el emplazamiento en los noventa días que requiere la ley para notificar, y (7) la tardanza es no es imputable al demandante y torna inútil la notificación.[27]

A base de lo anterior, la notificación es un requisito de cumplimiento estricto, no jurisdiccional.[28] Sin embargo, los tribunales solo podrán aplazar o eximir del cumplimiento del requisito de notificación al Estado cuando la parte demuestre que existió justa causa para la dilación o el incumplimiento, y ofrece bases fácticas razonables que justifican la tardanza o el incumplimiento.[29] De modo que, si la parte concernida no cumple ambas exigencias, el tribunal carece de discreción para excusar su conducta.[30] En específico, "[d]eberá demostrarse la existencia de una justa causa con explicaciones concretas y particulares, debidamente evidenciadas, que le permitan al tribunal concluir que la tardanza o la demora ocurrió por alguna circunstancia especial razonable. No podrá acreditarse la existencia de justa causa con excusas, vaguedades o planteamientos estereotipados".[31]

---

[26] *Rosario Mercado v. ELA*, 189 DPR 561, 566 (2013). (Citas omitidas).
[27] *Toro Rivera et als. v. ELA et al.*, 194 DPR 393, 412-413 (2015).
[28] *Rosario Mercado v. ELA*, supra, pág. 567; *Berríos Román v. E.L.A.*, supra, pág. 560.
[29] *Toro Rivera et als. v. ELA et al.*, supra, págs. 414-415.
[30] *Íd.,* pág. 415.
[31] *Íd.*

Respecto al punto de partida del término de 90 días impuesto por la *Ley de reclamaciones y demandas contra el Estado* para notificarle sobre la intención de entablar una causa de acción en su contra, el Tribunal Supremo específicamente ha dispuesto que:

> … *[L]a fecha para el cómputo del término en el cual existe el deber de notificar al Estado, es aquella que cumple con los requisitos esbozados aplicables al inicio del término prescriptivo.* (…). El punto de partida del término de noventa días [i]mpuesto por la Ley Núm. 104 para notificar al Estado, no es necesariamente cuando ocurre la alegada conducta lesiva. (…). *Esta obligación nace desde que el agraviado conoce el daño, o razonablemente debió conocerlo, quien lo causó, así como los detalles necesarios para poder iniciar efectivamente su reclamación.*[32]

### III.

Hemos evaluado el recurso a la luz del derecho aplicable y no encontramos indicio alguno que justifique nuestra intervención con el dictamen recurrido.

El TPI analizó los hechos bien alegados en la demanda y denegó la moción de desestimación presentada por el Estado basado en que el Sr. Butler Armaiz había acreditado con sus diligencias la existencia de justa causa para la demora en cumplir con el requisito de notificación previa al Estado. En nuestro ejercicio revisor no hemos detectado que el foro primario haya actuado movido por prejuicio ni de manera imparcial, así tampoco que haya incurrido en un error manifiesto en la aplicación de la norma jurídica. Así pues, ante el hecho de que no se ha justificado variar lo resuelto por el TPI, nos abstenemos de intervenir con su discreción judicial.

En resumen, colegimos que no se ha demostrado que esté presente alguna de las instancias que promulga la Regla 40 de nuestro Reglamento, *supra*, que justifique nuestra intervención para variar el dictamen en virtud del cual fue denegada la solicitud para desestimar la demanda instada.

---

[32] *Íd.,* págs. 416-417. (Cursivas en el original).

**IV.**

Por lo antes expuesto, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones